IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  16-92 |
| | : | |
| RALPH FISHER | : | |

**<u>ORDER</u>**

**AND NOW**, this 10th day of December, 2020, upon consideration of Defendant Ralph Fisher's pro se Motion for Compassionate Release (Docket No. 37) and all documents filed in connection therewith, **IT IS HEREBY ORDERED** that the Motion is **DENIED**.[1]

---

[1] On May 23, 2016, Fisher pled guilty to one count of attempted use of an interstate commerce facility to entice a minor to engage in sexual conduct in violation of 18 U.S.C. § 2422(b); one count of attempted transfer of obscene material to minors in violation of 18 U.S.C. § 1470 ; one count of attempted interstate travel with the intent to engage in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(b) ; one count of attempted distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2); and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).  On November 29, 2016, we sentenced Fisher to 140 months' imprisonment, 25 years of supervised release, a fine of $2,500, and a special assessment of $500.  Fisher is currently serving his sentence at the Federal Correction Institution, Loretto ("FCI Loretto") and, according to the Government, has credit for a total time served of 73 months (including nine months of credit for good time) and has an anticipated release date of June 27, 2025.

Fisher has moved for compassionate release, arguing that he suffers from sleep apnea and bipolar disorder and that these medical conditions, in combination with his increased risks of contracting COVID-19 while he is imprisoned in crowded conditions at FCI Loretto, constitute extraordinary and compelling reasons for compassionate release.  We referred the Motion to the Federal Community Defender Office for screening, but it declined to seek appointment to represent Defendant with respect to the Motion.  The Government has since filed a response in opposition to Defendant's Motion.

The First Step Act provides for compassionate release, stating that we may reduce an inmate's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a)" if we find that "extraordinary and compelling reasons warrant . . . a reduction" and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  United States Sentencing Guideline § 1B1.13, which is the Sentencing Commission's relevant policy statement, similarly states that we may reduce a term of imprisonment, after consideration of the § 3553(a) factors, if we find that "extraordinary and compelling reasons warrant the reduction" and "the defendant is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13.  Neither U.S.S.G. § 1B1.13 nor the First

---

Step Act defines the term "extraordinary and compelling," but the commentary to § 1B1.13 states that "extraordinary and compelling reasons" can include, inter alia, circumstances in which a defendant is "suffering from a serious physical or medical condition" or "a serious functional or cognitive impairment," and the condition or impairment "substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1.

Fisher asks for compassionate release because he is concerned that he will become infected with COVID-19 at FCI Loretto. As of December 7, 2020, there are 445 confirmed cases of COVID-19 among inmates at FCI Loretto. See https://www.bop.gov/coronavirus (last visited Dec. 8, 2020). Nonetheless, the presence of COVID-19 at FCI Loretto "cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); see also United States v. Roeder, 807 F. App'x 157, 161 n.16 (3d Cir. 2020) ("[T]he existence of some health risk to every federal prisoner as a result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit.").

The Government opposes the Motion on the grounds that (1) Fisher has not established an extraordinary or compelling reason for his early release and (2) the § 3553(a) factors weigh against his release. The Government has submitted Fisher's medical records, which confirm that he has sleep apnea and major depressive disorder, but do not reflect a diagnosis of bipolar disorder. (See Gov't Ex. A at 7, 101-02 of 107.) Fisher states in his Motion that he receives treatment for his conditions and does not claim that these conditions "substantially diminish[] [his] ability . . . to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. n.1. We also note that the Centers for Disease Control ("CDC") has not recognized sleep apnea, major depressive disorder, or bipolar disorder as conditions that put an inmate at greater risk of serious illness from COVID-19, such that they might provide an inmate with a basis for compassionate release. See Centers for Disease Control and Prevention, Coronavirus Disease 2019, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited Dec. 7, 2020). Moreover, other judges in this district have denied motions for compassionate release that are based on the risks that COVID-19 poses to prisoners with sleep apnea or mental illness. See United States v. Hooks, Crim. A. No. 13-257, 2020 WL 4756341, at *6 (E.D. Pa. Aug. 17, 2020) (denying motion for compassionate release brought by federal prisoner with asthma and sleep apnea and noting that "the CDC has not identified sleep apnea as a factor which increases the risk of developing serious illness from COVID-19" (citation omitted)); United States v. Freedland, Crim. A. No. 15-175-1, 2020 WL 4926542, at *6 (E.D. Pa. Aug. 21, 2020) (finding that federal prisoner's psychiatric conditions did not present extraordinary and compelling reasons to reduce his sentence where "the CDC has not identified any of [the prisoner's] mental health conditions as increasing the risk of serious illness from COVID-19" (citation omitted)); United States v. Hayes, Crim. A. No. 14-315, 2020 WL 4700639, at *1-2 (E.D. Pa. Aug. 13, 2020) (denying motion for compassionate release filed by federal prisoner who suffers from bi-polar disorder, adjustment disorder, compulsive disorder, anxiety and depression where the defendant "presents no evidence indicating that his mental health issues have substantially diminished his ability to provide self-care such that they would constituted an 'extraordinary and compelling' reason warranting his release" (citation omitted)). For all of these reasons, we conclude that Fisher has not established an extraordinary and compelling reason that would justify his early release from FCI Loretto under the First Step Act.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.

---

We also conclude that, even if Defendant had presented an extraordinary and compelling reason for release, the § 3353(a) factors do not support the requested release.  The Government argues that we should deny the motion based on (1) the seriousness of Fisher's crimes as well as his history and character, noting that his crimes involved an attempt to entice a minor to engage in sexual conduct and attempted interstate travel with the intent to engage in illicit sexual conduct with that minor; (2) the kinds of sentences available for the offenses of conviction (such as the ten year mandatory minimum term of imprisonment required for Fisher's § 2422 conviction); (3) the percentage of Fisher's sentence that he has already served (just over 50%); and (4) the danger he would pose to the community upon release.  See 18 U.S.C. 3553(a); United States v. Mortensen, Crim. A. No. 11-95, 2020 WL 2549970, at *2 (D. Nev. May 19, 2020) (denying motion for compassionate release filed by prisoner with risk factors for serious illness from COVID-19 infection due to the seriousness of the prisoner's conviction for possession of child pornography where prisoner had also used the internet to solicit someone he thought was a 15-year-old girl for sex, emphasizing the predatory nature of  defendant's conduct and the danger he poses to the community.  We conclude that the § 3553(a) factors weigh against the requested sentence reduction in this case, as Fisher's crimes of conviction are very serious; he appears to pose a risk to the community if he is released; and he has served little more than half of his mandatory ten-year term of imprisonment for his § 2242 conviction.  See 18 U.S.C. § 3553(a).

For all of these reasons, we deny Fisher's Motion for Compassionate Release.